585 P.2d 1091

**SENTRY INSURANCE COMPANY,**
Plaintiff-Appellee,

v.

**GEORGE A. RUTHERFORD, INC.,**
Defendant-Appellant.

**No. 11902.**

Supreme Court of New Mexico.

Oct. 23, 1978.

Oldaker, Oldaker & Watkins, Michael P. Watkins, Albuquerque, for defendant-appellant.

Keleher & McLeod, Russell Moore, Robert H. Clark, Albuquerque, for plaintiff-appellee.

## OPINION

McMANUS, Chief Justice.

George A. Rutherford, Inc. (Rutherford) entered into a contract with the Regents of the University of New Mexico to construct an addition to the basketball arena. As part of the contract, Rutherford was required to obtain builder's risk insurance to insure against the "perils of fire, extended coverage, vandalism and malicious mischief." The Regents had a blanket policy from Sentry Insurance Company (Sentry) which covered all University of New Mexico property. Rutherford was added to this policy by the following special endorsement:

It is agreed that policy is amended to include George A. Rutherford, Inc. as Additional Named Insured *as his interest may appear.* General Contractor for purposes of modifying Arena Complex. All other terms and conditions remain unchanged. (Emphasis added.)

During the course of the modification, one of Rutherford's employees ignited a fire in the arena while using a welding torch. The fire caused substantial damage to the super-structure of the arena itself, but it did not damage any portion of the arena where the expansion and remodeling were

going on. Sentry paid the Regents the sum of $370,020.46.

After paying the loss, Sentry filed this subrogation action against Rutherford seeking recovery thereof on the theory that the negligence of Rutherford and its employees had caused the fire and attendant damage to the arena. In its answer, Rutherford asserted that it was not liable under a subrogation theory because it was a named insured under the Sentry-Regents policy. Sentry moved to strike this defense. A hearing was held on this motion and an order was entered granting the motion to strike. Rutherford took an interlocutory appeal from this order.

The issue is whether the language "as his interest may appear" extends insurance coverage to the full value of the arena or only to that part of the arena being expanded and modified.

In our opinion, the plain meaning of the language "as his interest may appear," does not affirmatively support either position. In addition, the only evidence in the record is presented through three affidavits. These affidavits are very short and do not indicate the intent of the contracting parties at the time the endorsement was drawn up. The record does indicate that the parties negotiated over the language, but details as to these negotiations were not supplied.

Therefore, it is the opinion of this Court that the decision of the trial court be reversed and the case be remanded for the purpose of obtaining evidence that will more clearly reveal the intention of the parties pertaining to those negotiations.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.